UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISHA MOON,

    Plaintiff,

v.

COMMISSION OF SOCIAL SECURITY,

    Defendant.

Case No. 16-13732
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

## OPINION AND ORDER
### ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]

    Since 2010, Alisha Moon has suffered from periodic seizures. And in September 2013, a seizure caused her to fall from a barstool and break at least one facet of her cervical vertebrae.

    The next month, Moon applied for benefits under the Social Security Act asserting that her seizures and cervical fracture kept her from working full time. After the Commissioner of Social Security denied Moon's applications, she requested a hearing before an administrative law judge. In August 2015, an ALJ ruled that Moon was not disabled under the Social Security Act. Moon's request for further administrative review was denied.

    Moon then filed this lawsuit, asserting that the ALJ erred in a number of ways and so this Court should either reverse the finding that she is not disabled or, at least, remand the case for further administrative proceedings. The parties' motions for summary judgment were referred to Magistrate Judge Patricia T. Morris who recommends that this Court affirm the decision that Moon is not disabled under the Social Security Act. (R. 15.)

Moon objects. (R. 16.) She asserts that the Magistrate Judge erred by concluding (1) that the ALJ did not need to have a psychologist or psychiatrist evaluate her mental health and (2) that the ALJ did not need to obtain an updated consultative exam after she fell and fractured her cervical facets.

The Court takes the two objections in turn. Having examined both issues anew, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), the Court will overrule Moon's objections.

## I.

### A.

The Court first addresses the Commissioner's argument that this Court does not have to reach the merits of Moon's first objection. (*See* R. 16, PID 647.) To understand the Commissioner's procedural argument, some more procedural history is in order.

In her summary-judgment brief, Moon argued that 20 C.F.R. § 404.1503(e) (and the identically-worded provision for supplemental-security income, § 416.903(e)) required the ALJ to obtain a psychologist's or psychiatrist's evaluation of her mental condition. (R. 9, PID 583.) As the ALJ had ordered no such evaluation, Moon claimed that this case had to be remanded so that evaluation could be conducted. (R. 9, PID 585.)

Magistrate Judge Morris was unpersuaded. She found that § 404.1503(e) only applied at the initial-determination level and thus did not apply when a disability claim reached ALJ review. (R. 15, PID 626.) She further found that even if § 404.1503(e) applied to ALJ review, that regulation required a professional mental-health evaluation only when "there is evidence which indicates the existence of a mental impairment." (*See* R. 15, PID 626–27.) According to the Magistrate Judge, while the record reflected "some whispers as to mental illness," the evidence of

mental impairment was insufficient to meet § 404.1503(e)'s "indicates the existence of" requirement. (R. 15, PID 627.)

In her objections to this Court, Moon says that § 404.1503(e), "as well as [42 U.S.C.] § 421(h)," "require[d] review by a psychiatrist or psychologist whenever there is evidence which indicates the existence of a mental impairment." (R. 16, PID 634.) She also says that the record of her seizure disorder and mental health is like the record in *Lahoz v. Astrue*, No. 09-CV-4523, 2010 WL 3310266 (E.D.N.Y. Aug. 19, 2010). (*See* R. 16, PID 635.) And in that case, the court suggested that § 421(h) applied to ALJ review. *See id.* at *7.

The Commissioner asserts that these arguments are either procedurally improper or otherwise do not need to be addressed on the merits. In particular, the Commissioner points out that Moon never cited *Lahoz* in her summary-judgment briefing and so any argument based on that case is "waived." (R. 17, PID 648.) And, says the Commissioner, Moon has not objected to the Magistrate Judge's alternate holding (that even if § 494.1503(e) applied to ALJ review, the evidence of mental-impairment was insufficient to meet that regulation's threshold for a professional evaluation). (*See* R. 17, PID 649.) Thus, the Commissioner implies, there is no need for this Court to decide if Moon is correct that § 421(h) and § 404.1503(e) apply to ALJ review.

The Court elects to address Moon's objection on the merits. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (construing § 636(b)(1) as giving district court's discretion to consider a claim presented for the first time in objections); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008) (same but indicating that discretion should be exercised "sparingly"). While this Court certainly does not condone presenting one case to a magistrate judge and another in objections, that is not what Moon has done. Although she presents a decision not previously cited in support of her argument, the heart of her objection is what she argued in her

summary-judgment briefing: that the ALJ did not comply with 20 C.F.R. § 404.1503(e), "which," she noted in her summary-judgment brief, "tracks . . . 42 USC 421(h)." (R. 9, PID 583.) As for the Commissioner's suggestion that this Court need not address the merits of Moon's objection because she did not object to the Magistrate Judge's alternate holding, the Court finds that Moon's reliance on *Lahoz* and comparison of her medical record to the one at issue in that case is a challenge to the Magistrate Judge's finding that there was insufficient evidence of a mental impairment to meet § 404.1503(e)'s threshold for a professional mental-health evaluation. Finally, as will now be explained, proceeding to the merits will not prejudice the Commissioner.

**B.**

At least on the facts of this case, neither 42 U.S.C. § 421(h) nor 20 C.F.R. § 404.1503(e) were applicable once Moon's case reached ALJ review.

**1.**

The Court begins with § 421(h). It says, "*An initial determination under subsection (a), (c), (g), or (i)* shall not be made until the Commissioner of Social Security has made every reasonable effort to ensure—in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." 42 U.S.C. § 421(h) (emphasis added). Thus, the introductory phrase limits subsection (h)'s "every reasonable effort" requirement to those determinations made pursuant to § 421(a), (c), (g), and (i).

So the interpretive task becomes inspecting subsections (a), (c), (g), and (i) to see if any of those subsections pertain to a determination by an administrative law judge. Subsections (a), (g), and (i) plainly do not. Subsection (a) pertains to determinations by a state agency. Subsection (g)

pertains to determinations by the Commissioner where the state agency does not make the determination. And subsection (i) pertains to periodic review of those granted disability benefits.

Subsection (c) less obviously excludes ALJ review; unlike (a), (g), and (i), that subsection does refer to the "review [of] a determination." *See* 42 U.S.C. § 421(c). Even so, there are reasons to think that subsection (c) does not include ALJ review as a general matter. *See* 42 U.S.C. § 421(d); 20 C.F.R. § 404.907. But this Court need not make a categorical pronouncement. In this case, Moon requested a hearing before an ALJ following the Commissioner's determination. (*See* R. 7, PID 128.) And this request was apparently pursuant to § 421(d)—not § 421(c)—for it is subsection (d) that permits claimants to seek a "hearing" following a "determination under subsection (a), (b), (c), or (g)." Indeed, the accompanying regulations provide that if a claimant is "dissatisfied with the initial determination" the claimant may seek reconsideration (which consists of a case review) and *then* a hearing before an ALJ, or, in limited circumstances, skip to ALJ review. *See* 20 C.F.R. §§ 404.907; 404.913; 404.929, 404.930; *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) ("[A] claimant is entitled to *de novo* reconsideration by the state agency, and additional evidence may be presented at that time. §§ 404.907–404.922. If the claimant is dissatisfied with the state agency's decision, review may then be had by the Secretary of Health and Human Services, *acting through a federal ALJ*." (emphasis added)). Thus, in this case at least, it appears that ALJ review was not pursuant to § 421(c). *See Russell v. Astrue*, 742 F. Supp. 2d 1355, 1372 n.15 (N.D. Ga. 2010) ("The Commissioner was reviewing Plaintiff's case because Plaintiff requested this review pursuant to 42 U.S.C. § 421(d), not as part of the Commissioner's statutory oversight authority outlined in § 421(c). As a result, § 421(h) does not govern the ALJ's conduct by way of § 421(c).").

As the ALJ's review in this case was not "[a]n initial determination under subsection (a), (c), (g), or (i)," § 421(h) did not apply to the proceedings before the ALJ. It follows that the ALJ did not violate that statutory provision in not having a psychiatrist or psychologist evaluate Moon's mental health.

This conclusion is accord with numerous others. *See Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999); *Cobb v. Berryhill*, No. 4:17-CV-00106, 2017 WL 6492078, at *5 (N.D. Tex. Nov. 29, 2017), *report and recommendation adopted*, 2017 WL 6493237 (Dec. 15, 2017); *Chretien v. Berryhill*, No. 1:16-CV-00549, 2017 WL 4613196, at *4 (D. Me. Oct. 15, 2017); *Westphal v. Berryhill*, No. 4:16-CV-00059, 2017 WL 2172021, at *7 (N.D. Ala. May 17, 2017); *Rodgers v. Colvin*, No. 3:15-CV-1449, 2016 WL 4432678, at *9 (D. Conn. Aug. 17, 2016); *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-CV-532, 2016 WL 2731021, at *3 (W.D. Mich. May 11, 2016); *McKinney v. Colvin*, No. 3:13-CV-900, 2014 WL 652948, at *2 (S.D. Miss. Feb. 19, 2014); *Boston v. Astrue*, No. 10-CV-00250, 2011 WL 2491120, at *7 (D.N.H. June 22, 2011); *Russell v. Astrue*, 742 F. Supp. 2d 1355, 1372 n.15 (N.D. Ga. 2010); *Smith v. Comm'r of Soc. Sec.*, No. 1:08-CV-152, 2009 WL 385543, at *4 (W.D. Mich. Jan. 28, 2009).

And while this Court did come across a few decisions assuming § 421(h) applied at the ALJ level, these courts did not engage in any statutory analysis before making that assumption. *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988); *Guthrie v. Astrue*, No. 2:11-CV-3081, 2013 WL 5519512, at *14 (N.D. Ala. Sept. 30, 2013); *Clawson v. Astrue*, No. 10-CV-377, 2011 WL 4055403, at *6 (N.D.N.Y. July 27, 2011), *report and recommendation adopted*, 2011 WL 4055379 (Sept. 12, 2011).

But what about *Lahoz*, the case upon which Moon relies? *Lahoz* also failed to discuss or account for the introductory clause of § 421(h), i.e., "An initial determination under subsection

(a), (c), (g), or (i) shall not be made until . . . ." *See* 2010 WL 3310266, at *6. Thus, this Court finds the decision unpersuasive. Moreover, the *Lahoz* court did not specifically direct the ALJ to order a mental-health exam on remand. The court instead more generally directed the ALJ to "develop the record further by gathering more evidence as to Lahoz's mental condition." *Id.* at *7.

## 2.

That leaves 20 C.F.R. § 404.1503(e) (and the parallel provision, § 416.093(e)). Section 404.1503(e) appears to have been an implementing regulation of § 421(h). *See Hudson v. Comm'r of Soc. Sec.*, No. 16-10032, 2017 WL 1030216, at *3 (E.D. Mich. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 1021072 (Mar. 16, 2017); *Rodgers*, 2016 WL 4432678, at *9; *Lopez v. Comm'r of Soc. Sec.*, No. 8:14-CV-600, 2015 WL 12844407, at *6 (M.D. Fla. Sept. 25, 2015). ("Have been" because after the ALJ's August 2015 decision in this case, the regulations pertaining to consultative exams were revised.) As an implementing regulation, its language largely tracked that of § 421(h):

> (e) *Initial determinations* for mental impairments. *An initial determination by a State agency or the Social Security Administration that you are not disabled (or a Social Security Administration review of a State agency's initial determination)*, in any case where there is evidence which indicates the existence of a mental impairment, will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

20 C.F.R. § 404.1503(e) (emphasis added); *accord* 20 C.F.R. § 416.903(e). And because the language tracked § 421(h), the Court sees no reason to interpret it broader that § 421(h).

In reaching this conclusion, the Court has not overlooked the parenthetical in the regulation ("or a Social Security Administration review of a State agency's initial determination"). This language apparently accounted for the fact that § 421(h) includes determinations under § 421(c)

7

as "initial determination[s]." *See Rodgers*, 2016 WL 4432678, at *9. But, as discussed, it appears that the ALJ's review in this case was pursuant to § 421(d)—not § 421(c).

Moreover, as with § 421(h), a number of courts have held that § 404.1503(e) does not apply to ALJ review. *Cobb*, 2017 WL 6492078, at *5; *Rodgers*, 2016 WL 4432678, at *9; *Lopez*, 2015 WL 12844407, at *6.

\* \* \*

To sum up, upon *de novo* review, the Court finds that neither § 421(h) nor § 404.1503(e) (nor the identically-worded § 416.903(e)) required the ALJ to have a psychologist or psychiatrist evaluate Moon's mental condition. Accordingly, Moon's first objection is overruled.[1]

**II.**

Moon's second objection is similar to her first: she claims that the ALJ should have ordered a medical consultant to reassess her physical capabilities. Although a physician reviewed Moon's medical file and assessed her physical residual functional capacity, Moon believes that the assessment was before she fell and fractured facets of her cervical vertebrae. (*See* R. 16, PID 636; *see also* R. 9, PID 588 (asserting that fracture occurred "after Plaintiff's claim was already denied").) Thus, argues Moon, the ALJ needed to order a "second examination." (R. 16, PID 636.)

This objection is based on a misreading of the record and a misreading of Magistrate Judge Morris' report. Dr. Quan Nguyen assessed Moon's residual functional capacity after reviewing Moon's file. And in making his assessment, he wrote: "There is [history] of [right] facet fracture at C6-7 level, treated nonsurgically with [a] collar. Due to the nature of this type of fracture, further

---

[1] This is not to say that there were no regulations that governed the ALJ's assessment of Moon's mental health. There were. And they suggest that, in some circumstances, an ALJ might need an evaluation by a mental-health professional to accurately determine disability. *See* 20 C.F.R. §§ 404.1519a, 404.1520a. But Moon has never argued that the ALJ violated these regulations.

8

development such as any [follow-up] visit(s) and CE [consultative exam] would not be necessary." (R. 7, PID 95; *see also* R. 7, PID 104, 113.) Thus, Dr. Nguyen assessed Moon's residual functional capacity *after* she fell and fractured the facets in her neck. And the Magistrate Judge said as much: "Dr. Nguyen *did* have the opportunity to consider documentation of Moon's C6-C7 fracture." (R. 15, PID 628.) Thus, it appears that Moon's objection rests on a faulty premise: that a physician assessed her residual functional capacity before her fracture and therefore did not incorporate that injury into his assessment.

And even if this Court were to look past Moon's misreading of the record, and were to construe her argument as simply asserting that the ALJ should have had a physician examine her and opine on her residual functional capacity before making the ultimate disability determination, this Court would not remand the case to the Commissioner. The regulations gave the ALJ discretion to decide whether to order an examination of Moon. *See* 20 C.F.R. § 404.1519a(b) (2015) (stating that a change in condition where the current severity is not established is a situation where a consultative examination "might" be purchased); 20 C.F.R. § 404.1545(a)(3) (2015) (providing that, before assessing residual functional capacity at step four, "we are responsible for developing your complete medical history, including arranging for a consultative examination(s) *if necessary*" (emphasis added)). And Moon has made no developed argument that the medical records associated with her cervical fracture were either insufficient or too technical for a non-physician (such as an administrative law judge) to assess her residual functional capacity. As noted, Dr. Nguyen thought that given the type of fracture, "further development such as . . . [a consultative exam] would not be necessary." (R. 7, PID 95.) Moreover, Moon, who was represented by counsel at the ALJ level, could have sought out her own physical exam or functional capacity assessment following her fall. *See* 20 C.F.R. § 404.1545(a)(3) ("In general, you are

9

responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

Moon's second objection is overruled.

### III.

The Court has conducted *de novo* review of the issues presented in Moon's objections. This Court has no obligation to review the Magistrate Judge's other findings. *See Thomas v. Arn*, 474 U.S. 140, 144 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation (R. 15), DENIES Moon's motion for summary judgment (R. 9), and GRANTS the Commissioner's (R. 14).

SO ORDERED.

Dated: March 21, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2018.

s/Keisha Jackson
Case Manager